May it please the court, Kurt Hermanson on behalf of Mr. Taylor. There are two verdict forms in this case that prove beyond a reasonable doubt that there was a specific finding by the jurors that Mr. Taylor was the shooter. At 2 ER 16, the verdict form says first degree murder, personally used a firearm. Twelve jurors unanimously found that Mr. Taylor was the shooter. 2 ER 17, robbery, personally used a firearm. Twelve jurors unanimously found that Mr. Taylor was the shooter. That separates this case from all the cases that talk about general verdicts where a court can affirm a conviction even if one of the grounds for the conviction is reversed. Here we have the extraordinarily, extraordinarily rare and unusual circumstance of the state of California saying that Mr. Taylor was innocent of being the shooter. And we have a state court that found he was factually innocent and was not the shooter. That's all well and good. But then the problem occurs where instead of having a new trial, the state court judge sub silencio makes a finding that he's the aider and abetter. Never makes that finding, but it's the only way to get to the resentencing that occurred. The jurors, in one part of my friend's brief, there's a line with no support whatsoever saying, well, the jurors found aiding and abetting, all the elements of aiding and abetting with no analysis whatsoever. There's no analysis because it didn't happen. It's impossible for the jurors to have found aiding and abetting where they found that he was the shooter. So this case needs to be sent back. Why is it impossible? It's impossible because you can't aid and abet yourself. And they found that he was the shooter, so therefore he's not the aider and abetter. He's the person who shot the victim. Does that automatically mean that they rejected the aiding and abetting charge? It doesn't. They could have. It doesn't mean I'm not here arguing and double jeopardy isn't before this court right now. I'm arguing that it should be retried because he admitted, I mean, we have a preliminary hearing transcript where he admits that he was there, he knew the guy had a gun, and he drove, that they stole the car and they drove looking for a place to rob. But they weren't going to rob that place. He didn't know that he was going to rob that place. So the people have at their disposal that preliminary hearing transcript that they can use at retrial. So there is no double jeopardy isn't before this court. He can make that argument when it goes back. But it isn't the argument was made in the State court appeal that there's a double jeopardy issue and that's not here today. This came up for the first time in State court habeas. Is that how procedurally it was raised? He raised a habeas. He filed various habeas, but then the district attorney wanted, kept writing to the Department of Corrections, the California Department of Corrections and Rehabilitation for them to do an 1170-D motion for resentencing because the district attorney who prosecuted the case was convinced that Mr. Taylor was not the shooter because Mr. Taylor told him that Hayes was the shooter.  So there were a lot of correspondence in between the original conviction and the habeas. Many years. The conviction is from 87 and it's been 25 years, approximately 25 years that he's been in custody. So we have the verdict forms. We have the acquittal, which is an actual innocence finding. And then without an aiding and abetting finding, he's resentenced. And this case has to go in front of a jury for that. And also unusual. This is an incredibly unusual and rare case. This is also a case where 2254-D deference does not apply. There's a quid pro quo for deference to apply. The State court must adjudicate the merits of a claim. And there's many ways they can do it. They can do it silently. But the Supreme Court made it very clear in Cone v. Bell that if the State court says, we are not looking at that claim, that that's not an adjudication on the merits. And it's an explicit statement that they're not looking at it. The State court of appeals said that. But presumably the argument was taken on to the Supreme Court, denied review. Does that count? Right. Under Yields v. Nanomaker, the Supreme Court's summary denial is you look through that to the court of appeal opinion. The court of appeal opinion made an impossible finding. They thought that Mr. Taylor's objections to the resentencing had already been ruled on. And so they said, we're not going to rule on it because it's already been ruled on. But in fact, this had never been raised in court before. Right. It had never been ruled on. He objected to the resentencing and said, stop. I do not want to be resentenced. You don't have jurisdiction to resentence me. I never admitted I was an aider and abetter. I didn't know that he was going to rob that place or shoot him or so there was no admission of aiding and abetting. And that judge said, well, if my hands are tied, I don't have the power to do anything but resentence you. And that's not even true because the California Supreme Court order to show cause said, show cause, California Department of Corrections and Rehabilitation, why he shouldn't be found innocent of being a shooter and why he shouldn't be resentenced. Well, that leaves it open to the State court judge. Why shouldn't he be resentenced? Because there was never a finding by the jury that he's an aider and abetter. So if there's never that finding, surely he needs to have a trial on that theory. So the State court judge, you're arguing, should have ordered a new trial? Absolutely. And then the court of appeal just, you know. And in the papers on the order to show cause, was that the argument that was raised? It's a little murky procedurally. It is. It's a long history, 25 years or 24 years. The California court of appeal issued an order to show cause that just said two things. It said, why shouldn't he be found innocent of being the shooter and why shouldn't he be resentenced? The California Department of Corrections and Rehabilitation was there at the hearing and as was the district attorney. They both, on the record, conceded he's actually innocent of being the shooter. He was not the shooter. There were only two men. He was not the shooter. And so the judge made that finding. Since they conceded, the judge found, okay, he's not the shooter. I find that he's factually innocent of being the shooter. But the judge made the mistake of thinking, well, my hands are tied. I have no choice but to strike the special, the personal use of a firearm allegation and strike the special circumstances on the record. I'm still a little confused as to whether or not he asked for that. He did not ask for it. Mr. Taylor objected and said, representing himself. He did not have a lawyer. Right. He chose to represent himself. But did he, he objected to being resentenced. Did he ask for a new trial? He objected to being resentenced and said that you cannot resent me. I'm innocent. He wants to walk. Well, yeah, I mean, he thinks that the court had no power to resent him. But I'm arguing that the appropriate remedy is to retry the case and to try it properly. Under the aiding and abetting theory, they have a preliminary hearing transcript where he's admitting that he's there. He's admitting that they stole the car. He's admitting that he knows the guy has a gun. They feel very confident about their case. There's no reason not to retry it. And I would like to reserve the rest of my time for rebuttal. If you may, we'll hear from the warden. Good morning, Your Honors. May it please the Court. Deputy Attorney General Eric Reynolds for Respondent. Your Honors, Petitioner's rights to a jury trial in due process were not violated when he was resentenced by the trial court. That is because Petitioner was equally guilty of attempted robbery and felony murder, whether or not he was the shooter or the lookout in the robbery of the Pioneer Chicken. Are there any elements to an aiding and abetting conviction that are different from the element that would apply to the actual shooter? Well, as to felony murder, which was the theory that the prosecution relied on, the jury was instructed that if appellant was or Petitioner was the shooter during the robbery, then he would be guilty of felony murder. But also under the felony murder instruction, the instruction encompassed whether Petitioner would have basically directly and actively committed the act constituting the attempted murder with knowledge of the unlawful purpose of the perpetrator and with the intent to commit that underlying crime. If he was that person, and that was the felony murder instruction on supplemental excerpts of Record 89 to 90, then he could be found guilty of felony murder, the first-degree murder theory relied on by the prosecution. And the prosecutor argued alternate theories to the jury. Well, it's true. If he really was. Did he really argue alternate theories? It seemed to me as the statement in his closing argument pointed pretty clearly to one theory and not to the other. Well, it's clear that the prosecutor favored, clearly favored the shooter theory and argued strenuously that Petitioner was the shooter. However, in response to the defense argument that Petitioner just happened to be there, he was the second guy, but he didn't have any intent, the prosecutor rebutted that argument strongly that even if you go with the defense argument that he was the second man, that he was the lookout, that under felony murder, the lookout is still guilty of felony murder and would be still guilty of felony, of first-degree murder. And the prosecutor said that if you find that he, that, that the aider and better liability wouldn't apply necessarily to the special circumstance and the firearm use allegations, but that aider and a better liability still applied if Petitioner was found to be the lookout. So what the jury was asked to do here was basically two separate things. First, the jury had to determine whether or not Petitioner was guilty of felony murder. And in determining that, it didn't matter whether he was the shooter or the lookout. Either way, he was equally guilty of felony murder and, and would be, and the punishment is different, isn't it? Well, the punishment would be different based on the special circumstance. So once the jury determined guilt on the felony murder, they were then asked to make additional findings as to his liability. Now, the jury could have easily sat there and deliberated and said, you know, either way, if he's the lookout or the shooter, just as the prosecutor did, he would be guilty of felony murder. And then that would, then they find him guilty of that, of that charge. They then had to go on and make additional findings. And the verdict form's laid out that way. First, they have to make the guilty finding. Then, once they make that guilty finding, they have to go on and decide if it's the special circumstance and the allegations are true. And moving on to those, that's when they have to consider the evidence of whether or not Petitioner was the shooter. Could the jury have found him guilty on both counts? Both counts of attempted robbery and felony murder? Right. Yes, and they did. And aiding and abetting. Well, they, it wasn't presented on, as to the guilty charge. On the verdict form. So it was an or? On the verdict form, it was felony murder. Basically, defendant's guilty of murder. So it didn't identify as to that charge whether or not they found him on aid or better or. But it had a choice as to whether to find that he was the shooter or not. Not as to the murder charge itself. It was once they had the. Special circumstance. The special circumstance. They could only move on to find the special circumstance true if they decided the evidence showed that he was the shooter. But what I'm arguing is that that initial determination as to felony murder, it didn't ask for that distinguishment. They could have found him guilty and deliberated that both aid or better liability and shooter liability are established and that either way Petitioner would be guilty. Then they have to decide, okay, is there enough evidence in addition to find the special circumstance true? So they knew that it was going to be a higher penalty if he was the shooter. Certainly, yes. And the prosecutor argued that. There are two people involved here. One of them is the shooter. One of them is the lookout. Correct. The argument, as I understand it from Petitioner, is that the jury verdict makes clear that they thought that this person was the shooter. There's no other way to explain the firearm finding. So they didn't think this person was the lookout. Now, if they think the person is the shooter, it's easy to make the finding of he willfully intended to do all of this. If the jury thinks it's that person, can we fairly say the jury thinks that they also think even if he's the other guy, he had the intent, he wasn't simply the innocent bystander or didn't know there was going to be a robbery of this store? I think that's the problem posed here. If we know that factually the jury has chosen one scenario, how can we be confident that their findings apply to the other scenario, that they think the lookout also actively participated? Well, I think, Your Honor, the response to that is basically looking at the entire record. First, they did find him guilty of attempted robbery, but also the evidence presented But that's, you see, if they think he's the shooter, then all their findings flow from the belief that he's the person that's holding the gun, is inside the store, and so forth. We now know he's not the person inside the store. He's the person outside the store. So how can we be confident the jury's findings all speak to the role that he actually played? Well, the evidence that was presented as to the lookout during the crime of the attempted robbery, he was there. No, I understand. There is more than ample evidence to sustain a jury verdict if, in fact, we know the jury decided the lookout was this person. But we know the jury decided this person wasn't the lookout. He was the person inside the store. I mean, that's the problem that's posed. If we know that because of the firearms verdict, then how can we say that the jury necessarily had to make the same conclusions or would have made the same conclusions with regard to the person who was outside the store? I think based on the evidence and argument that was presented at trial and the determination that had to be made as to felony murder, that an active participant in the underlying crime and a murder occurred or a killing occurred during that attempted robbery, necessarily, whether or not he was the lookout or the shooter, the jury would have had to find that he was guilty of felony murder. It's a problem. Do you have any, you know, we've gone down a path for quite a few years now where the Supreme Court has been quite insistent that where you are talking about a crime with a certain punishment as part of it, that the jury has to find, make findings consistent with that, but the judge can't do it. And do you have any authority that in modern times where we re-sentence someone in accordance with conduct that the jury found he didn't commit? I don't have any authority as to that, Your Honor. But our position would be that the judge didn't make a finding that the jury did not make here. Our position is that the jury was presented two alternate theories. And if the special circumstance had never even been alleged, we wouldn't even have a problem because the two alternate theories would clearly be constitutional and even a general conviction would have been upheld. It's just that we have the additional circumstance here of the special circumstance being alleged. We have what the jury found. But just because they found additional liability attached based on the true finding as the evidence was at trial, our position is that doesn't invalidate the general verdict that the jury found. But what is the closest authority, if you will? I think that Griffin is the closest authority. It's a difficult, I personally couldn't find any cases that approximated even the procedure that we have here. But I think under Griffin, the petitioner has to show, affirmatively show that the invalid factual theory is the sole theory that the jury relied on. And our position is that that can't be done here because as to the felony murder charge, the jury was presented both theories. They deliberated. You cannot point to anything and say that they didn't deliberate both theories, that they didn't find that under either theory he would be liable for murder, and then go on once they make that finding to determine the additional allegations that were alleged. So, Your Honors, in conclusion, the petitioner was equally guilty of the attempted blackout or the shooter. The people, when they found that he was factually, when they determined that he was factually innocent of being the shooter, they went ahead and did the right thing, asked the Court to strike the special circumstance, but reminded the Court that the aiding and abetting theory was presented to the jury. So he was properly resentenced under that aiding and abetting theory, and he has not demonstrated that his resentencing violates the Constitution. We'd ask this Court to uphold the district court's judgment denying the petition. Thank you. Thank you. Mr. Armisen. Judge Clifton, I wanted to respond to your question about aiding and abetting. It's an important issue. In California, aiding and abetting has three necessary elements. First, the defendant knew the perpetrator's unlawful purpose. Second, the defendant intended to commit, encourage, or facilitate the offense. And third, the defendant aided, promoted, encouraged, or instigated the crime. So it's – maybe it's not likely, but it's possible that the jury would find that the lookout didn't intend to help him commit a robbery at that case, in this case. That he – and did he know his unlawful purpose? I mean, he's saying he didn't know that he was going to rob that place, that they were going to rob some other place. So under the three elements that are required, there was no jury finding. And under Griffin, Mr. Taylor wins, because Griffin says that if you have a factually insufficient basis for the – for the verdict, and the record shows the jury relied on the factually insufficient theory, and that's Griffin at page 49 to 50, then the verdict doesn't stand. And here we know that they found it. If we didn't have the special circumstance finding, would we be here today? Yes, we'd be here today, because his sentence was 25 to life plus 9 years. And he – But it's the finding that opens the door to your argument. Well, yeah. There's two findings. The special circumstance findings, certainly, and the personal use of the firearm finding. Yeah. That's what makes this case unique. Thank you. Thank you. Thank both counsel for your helpful arguments in this unique case. The case just argued is submitted.
judges: Tunheim, Schroeder, Clifton